**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN BASTING, | No. 22-15556 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05981-SI |
| v. | |
| SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Submitted March 8, 2023[**]
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE,[***]
District Judge.

Plaintiff-Appellant Karen Basting appeals the district court's order granting

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

summary judgment to Defendant-Appellee Bay Area Rapid Transit ("BART") on Basting's pay-discrimination claims under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d), and California's state-law analog, California Labor Code § 1197.5(a).[1] We have jurisdiction under 28 U.S.C. § 1291. Reviewing the "grant of summary judgment de novo," *Mark H. v. Hamamoto*, 620 F.3d 1090, 1096 (9th Cir. 2010), we affirm.

"EPA claims have just two steps: (1) the plaintiff bears the burden to establish a prima facie showing of a sex-based wage differential; (2) if the plaintiff is successful, the burden shifts to the employer to show an affirmative defense. No showing of pretext is required." *Rizo v. Yovino*, 950 F.3d 1217, 1223 (9th Cir. 2020) (en banc). One affirmative defense is the factor-other-than-sex defense. *See* 29 U.S.C. § 206(d)(1)(iv). That defense "requires employers to demonstrate that only job-related factors, not sex, caused any wage disparities that exist between employees of the opposite sex who perform equal work." *Rizo*, 950 F.3d at 1228. Things such as "shift differentials, differences based on time of day worked, hours of work, lifting or moving heavy objects, and differences based on experience, training, or ability" qualify as job-related factors. *Id.* at 1226. California looks to federal law in interpreting its state analog of the EPA, and Basting does not argue

---

[1] The district court also granted summary judgment to BART on Basting's Title VII claim, and Basting does not challenge on appeal that portion of the district court's order.

that there is any material difference in the standards governing her EPA claim and her section 1197.5(a) claim. *See Green v. Par Pools, Inc.*, 3 Cal. Rptr. 3d 844, 846 (Ct. App. 2003); *see also Allen v. Staples, Inc.*, 299 Cal. Rptr. 3d 779, 783–84 & n.7 (Ct. App. 2022).

We assume without deciding that Basting established a prima facie showing of sex-based wage discrimination under federal and state law, but we hold that BART has met its burden of showing that the pay differential is because of a factor other than sex.

The record confirms that Basting was paid less than the men in her department on whom she bases her prima facie case due solely to a factor other than sex: she had not been in her role for at least two years. After BART hired a consultant to advise BART on how to make its non-union salaries more competitive, the consultant recommended across-the-board pay bumps for non-union employees who had been in their role at BART for at least two years—the period of time the consultant viewed as a good proxy for proficiency in a job. BART adopted the consultant's recommendations, giving the across-the-board pay bump for all non-union employees who had been in their job for at least two years at the time of the pay bump. Basting had not been in her job for at least two years when the pay bump was implemented, so she did not receive the pay bump. But the other three non-union employees who held jobs similar to Basting's (including

two men) had been in their roles for at least two years, so they did receive the pay bump.[2]  The difference in pay between Basting and her male colleagues thus hinged exclusively on a job-related reason other than sex: proficiency in the job as measured by time in the job.[3]  That difference in pay is consistent with the equal-pay-for-equal-work mandates of the federal and state equal-pay laws.

Because any reasonable jury would conclude that BART adopted its one-time pay bump for certain employees exclusively for a reason other than sex, BART is entitled to summary judgment on Basting's federal and state equal-pay claims.

**AFFIRMED.**

---

[2] When BART implemented the consultant's recommendations for the 500 non-union positions the consultant examined, 18% (24 out of 134) of the females received salary increases as a result of the pay-bump policy, while 7% (27 out of 366) of the males received increases.

[3] Basting contends that one piece of evidence in the record supporting the proficiency rationale for the one-time pay bump is inadmissible.  BART responds that Basting's evidentiary argument does not make sense because it is Basting who submitted this evidence but that, in any event, Basting waived her evidentiary objection by not raising it before the district court.  We need not resolve this evidentiary dispute because there is abundant (and unchallenged) record evidence establishing that BART adopted its one-time pay bump for non-union employees who had been in their position for two years because it accepted the consultant's opinion that two years was a good proxy for achieving proficiency in a position.

4